**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

In re: ROBERT LUDVIK BLUMENBLATT

                     Debtor.

-----------------------------------------------------------x

NOT FOR PUBLICATION

Chapter 13

Case No.: 26-10160 (JPM)

### MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR RELIEF FROM STAY

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is movant Waterside Propco LLC's (the "**Movant**") *Application in Support of Motion to Vacate Automatic Stay* (the "**Motion for Relief**") [Dkt. No. 31] filed on April 7, 2026. There has been no response or objection to the Motion for Relief filed on the docket. For the reasons stated below, the Motion for Relief is **GRANTED**.

### I.        PROCEDURAL HISTORY AND BACKGROUND

The debtor, Robert Ludvik Blumenblatt (the "**Debtor**"), is the respondent in *Waterside PropCo LLC v. Robert Blumenblatt*, New York County Civil Court Index No. LT-309133-23/NY (the "**Eviction Proceeding**"). [Motion for Relief, p. 5]. The Movant commenced the Eviction Proceeding based on the Debtor's "substantial default" on the lease of the real property identified as 40 Waterside Plaza, Apartment 25C, New York, New York 10010 (the "**Property**"). [*Id*.]. On August 10, 2023, the Movant secured a money judgment in the amount of $25,720.53 and a possessory judgment against the Debtor in the Eviction Proceeding. [*Id*.]. After the money judgement and possessory judgment were entered, Adult Protective Services became involved and an "initial Guardian Ad Litem" was appointed for the Debtor. [*Id*., p. 6]. On October 24, 2025, a new Guardian Ad Litem, Andrea Blair (the "**GAL**"), was appointed for the Debtor. [*Id*.].

After the Debtor failed to pay the money judgment or relocate from the Property, the City Marshal served a notice of eviction. [*Id.*].  The eviction was scheduled for January 26, 2026. [*Id.*]. The Debtor then filed a petition for Chapter 11 bankruptcy relief on January 27, 2026 (the "**Petition Date**").  The Movant asserted that the automatic stay was not in effect, as the Debtor had failed to deposit a month's rent along with the Debtor's certification of the Judgment of Possession in accordance with Bankruptcy Code 11 U.S.C § 362(b)(22)[1] and 11 U.S.C. § 362(l). [*Id.*].  The Movant thus attempted to continue with the eviction. [*Id.*].

The Court in the Debtor's Chapter 11 case then entered an *Order Vacating State Court Orders Issued After the Petition Date* (the "**Order Confirming Stay**") on March 5, 2026. [Dkt. No. 21].  The Court noted that "numerous other filings and orders were entered on the docket of the Eviction Proceeding [at Docket Numbers 43-53]" after the Petition Date. [*Id.*, p. 2].  The Court held that "all orders concerning the Debtor issued in the Eviction Proceeding after the Petition Date, including without limitation the Post-Petition Eviction Notice, were issued in violation of the automatic stay, and therefore are null, void, and without effect." [*Id.*].

That same day, the Court also entered an *Order Converting Chapter 11 Case to Chapter 13* (the "**Conversion Order**") [Dkt. No. 23] after the Court was informed that the Debtor had intended to file a Chapter 13 petition. [Conversion Order, p. 1].  Movant filed the Motion for Relief on April 7, 2026, requesting the Court either (1) confirm that the automatic stay is not in effect or (2) vacate the automatic stay. [*Id.*].  A hearing was held on the Motion on April 23, 2026 (the "**April 23rd Hearing**") where the Debtor and Movant appeared. [April 23rd Hearing].  The Movant argued that the Debtor had continued to fail to make post-petition payments. [*Id.*].  The Court

---

[1] References to "Bankruptcy Code" are to Title 11 of the U.S. Code (11 U.S.C).  References to "Rule __" are to the Federal Rules of Civil Procedure.  References to "Bankruptcy Rule __" are to the Federal Rules of Bankruptcy Procedure.

adjourned the Motion to May 21, 2026 and directed the Movant to file a status update by May 14, 2026.  [*Id.*].

On May 14, 2026, the Movant filed the Motion Status Update Letter (the "**Status Letter**") [Dkt. No. 40].  The Status Letter asserted that the Debtor "did not tender to the [Movant] April or May post-petition use and occupancy and now owes pre-petition rent and additional charges and post-petition use and occupancy in the total amount of $218,014.46."  [Status Letter, p. 1].  The Status Letter alleged that the Movant had contacted and spoken with the GAL.  [*Id.*, p. 2].  Movant asserted  that the GAL "does not intend to participate or represent the [D]ebtor's interests in this bankruptcy case."  [*Id.*].  The Status Letter reasserts the Movant's request for relief from the automatic stay against the Property.  [*Id.*].

On May 19, 2026, the Court adjourned the hearing scheduled for May 21, 2026.  [Dkt. No. 41].  To date, the Debtor has not filed any response to the Motion for Relief or the Status Letter.

## II.    LEGAL STANDARD

Under 11 U.S.C. § 362(d), a party in interest may, "after notice and a hearing," seek "relief from the automatic stay by terminating, annulling, modifying, or conditioning" the stay.  *In re Schuessler*, 386 B.R. 458, 479 (Bankr. S.D.N.Y. 2008) (citing 11 U.S.C. § 362(d)).  Under Section 362(d)(1), relief from the automatic stay may be granted "for cause, including the lack of adequate protection of an interest in property."  11 U.S.C. § 362(d)(1).

"A debtor's failure to make required post petition payments—whether mortgage payments or rent—can constitute 'cause' to lift the stay and is 'one of the best examples of a "lack of adequate protection" under Section 362(d)(1).'"  *In re Moche*, No. 25-11831 (JPM), —— B.R. ——, ——, 2026 WL 657433, at *13 (Bankr. S.D.N.Y. Mar. 9, 2026) (quoting *Schuessler*, 386 B.R. at 481;

3

*see also In re Taylor*, 151 B.R. 646, 648 (E.D.N.Y. 1993) ("[A] debtor's failure to mortgage make regular payments as they become due constitutes sufficient 'cause' to lift the automatic stay."); *In re Tihi Rest. Corp.*, No. 22-11216 (JPM), 2023 WL 1768373, at *2 (Bankr. S.D.N.Y. 2023) (recognizing that "the right to timely payment of rents constitutes an interest in property entitled to adequate protection," and the court may lift the stay for the failure to pay post-petition rent).

A movant need only "make a prima facie showing that it is entitled to relief from stay." *Schuessler*, 386 B.R. at 479. "'Without quantifying the decline in value,' the movant 'can often establish its prima facie case by demonstrating that the debtor has completely failed, or substantially failed, to make post-petition payments.'" *Moche*, 2026 WL 657433, at *13 (citing *In re Elmira Litho, Inc.*, 174 B.R. 892, 903 (Bankr. S.D.N.Y. 1994). "Once the movant establishes a prima facie case, the burden shifts to the debtor—or the party opposing relief—to show that cause does not exist to lift the stay." *Id.*, (citing *Schuessler*, 386 B.R. at 480); *In re Eatman*, 182 B.R. 386, 390 (Bankr. S.D.N.Y. 1995) ("While section 362(g) allocates the burden of ultimate persuasion, under either ground, the movant must still make a prima facie showing that it is entitled to the relief that it seeks."); *see also* 11 U.S.C. § 362(g) ("[T]he party requesting [stay] relief has the burden of proof on the issue of the debtor's equity in property; and ... the party opposing such relief has the burden of proof on all other issues.").

III.    **DISCUSSION**

The Movant's central argument in the Motion for Relief and the Status Letter is that the Debtor has (1) continually failed to make post-petition payments and (2) has made no efforts to cure the accruing arrearage.

In the Motion for Relief, the Movant states that as of the date of the conversion from Chapter 11 to Chapter 13, the Debtor had failed to pay pre-petition rent through March 5, 2026,

and had accrued a total amount owing to Movant of $210,859.21.  [Motion for Relief, p. 5].  The Motion for Relief also states that the Debtor had failed to make post-petition payments to Movant for the months of March and April 2026.  [*Id*.].  As of the date of filing of the Motion for Relief, the Debtor had accrued $4,621.40 in post-petition arrearage.  [*Id*.].  The Debtor did not file a response to the Motion for Relief.

The Status Letter filed on May 14, 2026, reported that the Debtor had continued to fail to make post-petition payments for May 2026.  [Status Letter, p. 1].  To date, the Court has not been made aware of any post-petition payments made by the Debtor (nor has the Court been made aware of the status of payment for the month of May 2026).  The Debtor's post-petition arrearage to the Movant now stands at $7,014.69 and the Debtor's total arrearage owed to the Movant now stands at $218,014.46.  [Status Letter, Ex. A, p. 9-10].  The Debtor did not file a response to the Status Letter.

Based on the evidence presented by the Movant, the Court agrees with the Movant that relief from the automatic stay is warranted under Section 362(d)(1) for lack of adequate protection. As this Court has previously held, the failure to make required post-petition payments on rent is one of the "best examples of a 'lack of adequate protection' under Section 362(d)(1)" to establish cause to lift the automatic stay.  *Moche*, 2026 WL 657433, at *13.  As the Debtor has failed to make any post-petition payments towards rent, the Court finds that the Movant has sufficiently established a prima facie case for stay relief.

The burden then shifts to the Debtor to show that 'cause' does not exist to lift the stay. However, the Debtor has failed to file any responses to the Motion for Relief or the Status Letter for the Court to consider.  Thus, the Debtor has failed to meet this burden.

The Court thus finds that "cause" exists under Section 362(d)(1) to lift the automatic stay

and allow the Movant to proceed with the Eviction Proceeding.

## IV.   <u>CONCLUSION</u>

For the forgoing reasons the Motion for Relief is **GRANTED**.  All arguments not addressed

are considered **OVERRULED**.

**IT IS SO ORDERED**.

Dated: June 10, 2026
         New York, New York

<u>    /s/     John P. Mastando III          </u>
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE